UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KELVIN D. COBURN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 03-CV-2225** |
| ) | |
| **ILLINOIS DEPARTMENT OF NATURAL** ) | |
| **RESOURCES,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#1) filed by Defendant, the Illinois Department of Natural Resources. Following this court's careful review of the arguments and documents filed by Defendant, Defendant's Motion for Summary Judgment (#10) is GRANTED.

FACTS

The facts recited are taken from Defendants' Statement of Undisputed Facts, Plaintiff's Statement of Additional Material Facts, and the documents submitted by Defendant, including deposition transcripts.

Plaintiff, Kelvin D. Coburn, is an African American male and was hired by Defendant in May 1997. Plaintiff was hired in the position of Account Clerk II in the Division of Forestry. This is a part-time, 80 percent position, and is a bargaining unit position covered under the AFSCME collective bargaining agreement. In December 1998, Plaintiff enrolled in the Upward Mobility Program. The Upward Mobility Program is a joint venture between AFSCME and management which allowed AFSCME certified employees to receive paid education for specific targeted job titles or to take a proficiency exam to become certified for a specific targeted job title. Plaintiff passed all parts of his proficiency exam and became certified for the position of Accountant on April 19,

2001. Under the Upward Mobility Program, Defendant was required to contact Plaintiff about open Accountant positions, except for positions located in his current work location or current work county.

In May 2001, Arlene Gallagher was promoted to the position of Office Coordinator. Plaintiff did not apply for this position, and the position of Office Coordinator is not an Upward Mobility Program job title. In June 2003, Plaintiff accepted a position as Accountant with the Illinois Department of Transportation.

On June 13, 2003, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (EEOC). In his charge, Plaintiff alleged that he was discriminated against on the basis of his race and sex. He stated that he had been "subjected to harassment and racial bias by the Regional Land Manager on a continuous basis." He also stated that he "was denied a promotion while a similarly situated, less experienced, white, female was promoted instead." At his deposition, Plaintiff testified that the promotion position he was referring to in his EEOC charge was the position of Office Coordinator filled by Arlene Gallagher in May 2001. Plaintiff testified that he believed he did not have to apply for any positions because he was in the Upward Mobility Program.

On September 29, 2003, the EEOC issued a Notice of Right to Sue. Plaintiff filed his Complaint (#1) on December 18, 2003. Plaintiff alleged that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, Plaintiff alleged that "was denied promotions because of his race" and that "the Defendant's Regional Land Manager, Jim Capel, created a racially hostile, abusive, and offensive work environment for the Plaintiff."

On September 15, 2005, Defendant filed a Motion for Summary Judgment (#10), a

Memorandum of Law in Support (#11), and supporting exhibits. Defendant argued that it was entitled to summary judgment on Plaintiff's claims because: (1) the allegations relating to the May 2001 promotion are time-barred, and, in the alternative, Defendant had a legitimate, non-pretextual reason for promoting Arlene Gallagher; (2) Plaintiff failed to obtain a right to sue letter with respect to promotional claims other than the position filled in May 2001, and, in the alternative, Plaintiff did not apply for any promotions; and (3) Plaintiff could not establish that the denial of promotions created a racially hostile work environment.

On October 6, 2005, Plaintiff filed his Response to Motion for Summary Judgment (#12). Plaintiff did not contest Defendant's arguments regarding the May 2001 promotion or regarding his racially hostile work environment claim. Plaintiff only argued that he should have been notified about an Accountant position in the Springfield office which was posted on December 11, 2002.

On October 20, 2005, Defendant filed its Reply Brief (#13) and supporting exhibits. Defendant noted that Plaintiff had abandoned his hostile work environment claims and his failure to promote claim regarding the May 2001 promotion of Arlene Gallagher. Defendant also argued that it was entitled to summary judgment regarding the position of Accountant posted on December 11, 2002. Defendant argued that this claim was not included in Plaintiff's EEOC charge, so he failed to obtain a right to sue letter for this claim. Defendant also argued, in the alternative, that this claim is entirely without merit. Defendant stated that, in fact, Plaintiff was contacted about the Accountant position. On January 8, 2003, Defendant's Human Resource office sent Plaintiff a letter which stated that Plaintiff's name had been obtained from the Upward Mobility Program Report as

a certificate holder for this position title. (Exhibit F-1 page 000024).[1] The letter stated that an interview was scheduled on January 22, 2003, at 10:00 a.m. for the Accountant position. (Exhibit F-1 page 000024). The position posted on December 11, 2002, was not filled due to an executive order effective January 14, 2003, which froze hiring. All candidates were notified that the interviews for the position were cancelled. (Exhibit F, Affidavit of Edward Jackson, par.5). The position was later approved to be filled in June 2003. The position was posted on June 19, 2003. However, at that time, Plaintiff had already accepted an Accountant position with the Department of Transportation, effective June 16, 2003. Once Plaintiff accepted the position of Accountant on June 16, 2003, he was no longer on the Upward Mobility Program eligibility list for the position of Accountant as he already obtained that title. (Exhibit F, Affidavit of Edward Jackson, par. 8). Defendant argued that Plaintiff cannot meet his burden to establish a prima facie case of employment discrimination regarding the Accountant position.

## ANALYSIS

### SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial.

---

[1] This court notes that Plaintiff testified at his deposition that he was not contacted about the position. Plaintiff also testified that he did not know who received the position and he thought "it's more of a procedural issue than a race issue in this case."

Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000), quoting Pipitone v. United States, 180 F.3d 859, 861 (7th Cir. 1999). In making this determination, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Cardoso v. Robert Bosch Corp., 427 F.3d 429, 432 (7th Cir. 2005). However, neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment. Michas, 209 F.3d at 692.

## PLAINTIFF'S CLAIM

The only claim Plaintiff has pursued in his Response to the Motion for Summary Judgment is his claim that he should have been notified of the Accountant position posted on December 11, 2002. He argues that, because he was not notified, he was denied the opportunity for a promotion. This court agrees with Defendant that Plaintiff cannot meet his burden to establish a prima facie case of discrimination based upon this claim.[2]

Both parties agree that there is no direct evidence of discrimination in this case so that Plaintiff must proceed under the indirect burden-shifting method set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this indirect method of proof, the plaintiff may raise

---

[2] This court notes that Defendant has also argued that this claim was not included in Plaintiff's EEOC charge. See Conner v. Ill. Dep't of Natural Resources, 413 F.3d 675, 680 (7th Cir. 2005), cert. denied, 2005 WL 3272218 (U.S. Dec. 5, 2005) ("A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter."). However, because it is clear that the claim has no merit, this court does not need to consider this argument.

an inference of discrimination by offering sufficient evidence to establish a prima facie case. Johnson v. Nordstrom, Inc., 260 F.3d 727, 731 (7th Cir. 2001). Only if the plaintiff succeeds in establishing a prima facie case does the burden shift to the employer, who must then articulate a "legitimate, nondiscriminatory reason" for the adverse action. See Johnson, 260 F.3d at 731-32.

To establish a prima facie case of race discrimination in a failure to promote context, a plaintiff must show that: (1) he is a member of a protected group; (2) he applied for and was qualified for the position sought; (3) he was rejected for the position; and (4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff. Grayson v. City of Chicago, 317 F.3d 745, 748 (7th Cir. 2003); see also Johnson, 260 F.3d at 732; Ghosh v. Ind. Dep't of Envtl. Mgmt., 192 F.3d 1087, 1090-91 (7th Cir. 1999). A plaintiff may also establish the fourth element of his prima facie case by showing that, after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. Millbrook v. IBP, Inc., 280 F.3d 1169, 1174 (7th Cir. 2002).

In this case, Plaintiff clearly is a member of a protected group. Also, the second element is met because Plaintiff was certified for the position of Accountant and the Accountant position posted on December 11, 2002, was outside of Plaintiff's work county, so Defendant was required to contact him about the position without the need for him to submit a bid for the position.[3] However, under the facts here, as shown by the documentation provided by Defendant, Plaintiff cannot establish the third or fourth elements of his prima facie case. Plaintiff was not "rejected" for the promotion. Instead, the position was not filled due to a hiring freeze. For the same reason,

---

[3] This court concludes that it is not necessary to resolve the factual issue regarding whether Plaintiff actually received the notice regarding the Accountant position because of the fact that the position was not filled.

Plaintiff cannot show that the position remain[ed] open" or that the promotion was granted to someone who was not a member of the protected group. Defendant has also shown that, by the time the position was posted again on June 19, 2003, Plaintiff had already accepted an Accountant position with another state agency. Once Plaintiff accepted the position of Accountant on June 16, 2003, he was no longer on the Upward Mobility Program eligibility list for the position of Accountant as he already obtained that title. Therefore, Plaintiff could not be contacted about the position and would have had to apply for the position to be considered.

For the reasons stated, this court agrees with Defendant that Plaintiff has abandoned two of his claims and cannot meet his burden to establish a prima facie case of discrimination under McDonnell Douglas regarding his only remaining claim. Accordingly, Defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#10) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint (#1)

(2) This case is terminated. Accordingly, the final pretrial conference scheduled for December 22, 2005, at 9:15 a.m. and the jury trial scheduled for January 17, 2006, at 9:00 a.m. are hereby VACATED.

ENTERED this 8th day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE